469 P.2d 503

**STATE of Utah, Plaintiff and Respondent,**

v.

**Arland HUGHES, Defendant and Appellant.**

**No. 11967.**

Supreme Court of Utah.

May 14, 1970.

D. Gilbert Athay, of Phil L. Hansen & Associates, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Donald S. Coleman, Asst. Attys. Gen., Salt Lake City, for respondent.

**236**

HENRIOD, Justice:

Appeal from a second-degree murder conviction, after a jury trial on a first-degree murder charge. Affirmed.

There is no transcript of the evidence filed in this court, and defendant's statement of the facts is unsupported by anything in the record on appeal.

The only point on appeal is claimed error in failure to include in the court's instruction on voluntary manslaughter, a requirement that there be a "willful, intentional or voluntary killing." The court told the jury it must believe beyond a reasonable doubt that the accused killed his wife, that it was unlawful, upon a sudden quarrel or in the heat of passion and without malice, premeditation or deliberation. This substantially was the same instruction we approved in State v. Gallegos, 16 Utah 2d 102, 396 P.2d 414 (1964), which we consider dispositive here, and being substantially in the language of the voluntary manslaughter statute, Title 76–30–5(1), Utah Code Annotated 1953. We cannot say that leaving out the quoted language urged by defendant was in any way prejudicial to him, particularly since he was convicted of a more serious charge, which circumstance in and of itself may reflect no prejudice, as pointed out in the Gallegos case.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.